National Brake & Electric Company, Defendant in Error, v. George E. Hibbard, Plaintiff in Error.

### Gen. No. 16,739.

1. CONTRACTS—*performance.* Where a person contracted to build an engine from blue prints and instructions furnished by the owner, and a mistake was made in the construction, under conflicting evidence as to which party was responsible for the mistake, a verdict for the contractor was sustained.

2. APPEALS AND ERRORS—*contents of record where witnesses testify from drawings.* Where, on an issue of fact whether an owner or a contractor was responsible for a mistake made in building an engine from blue prints furnished by the owner, four large blue prints of detailed drawings are in evidence and much testimony

National Brake & Elec. Co. v. Hibbard, 176 Ill. App. 140.

is introduced concerning the drawings by witnesses indicating thereon the object of their testimony, the record should show what they were testifying about and connect their testimony to the exhibits to which reference was being made.

Error to the Municipal Court of Chicago; the HON. MAX EBER-HARDT, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

CHASE & SMOOT, for plaintiff in error.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The parties hereto made a verbal agreement whereby the plaintiff, here the defendant in error, undertook to build for the defendant, here the plaintiff in error, a turbine engine in accordance with his instructions and certain blue print drawings furnished plaintiff by the defendant, and for which it was agreed the defendant would pay the plaintiff the usual cost price of materials used with an additional sum of ten per cent. thereof, and sixty cents per hour for the time taken to so construct the said engine. The plaintiff claimed the cost thereof under the contract was $2,562.40, of which the defendant had paid $1,862.90, and brought suit to recover the balance, $699.50. The defendant denied his liability therefor and claimed a set-off of $1,000, in the language of counsel for defendant, "for money paid to it for work and material made worthless by the negligence and misconduct of defendant in error." The court tried the case without a jury and found the issues for the plaintiff and assessed its damages at $699.50, and entered judgment therefor.

That part of the engine, the construction of which is in dispute, is described by counsel for defendant as follows:

"Briefly stated, the engine consists of a shaft enclosed, except as to its projecting ends, in a cylindrical chamber. Fixed upon the shaft and revolving with it are twelve perforated discs, each formed of fifty-two overlapping blades set in an inner and outer rim, as are the spokes in a wheel, the inner rim closely encircling and being firmly secured to the shaft. Each such disc, so made up of fifty-two blades and so attached to and revolving with the shaft is called a rotor."

The plaintiff constructed the said twelve rotors each with forty-two blades instead of fifty-two, and also in setting them into the rims inverted them so that the convex side or the back thereof was presented to the incoming steam instead of the concave or the front side of the blades, thereby greatly reducing the power and efficiency of the engine. The question in the case is, who was responsible for these mistakes.

The question is one of fact. The plaintiff introduced testimony tending to show that it followed the drawings so far as it could from those furnished it prior to the time the particular work was done thereunder, together with the instructions of the defendant pertaining thereto given at various times. The defendant introduced testimony tending to show that he did not instruct plaintiff as claimed, and that the drawings furnished by him were not followed by the plaintiff, but it was by reason of the careless and negligent work of the defendant that said work was not properly done. There are in evidence four large blue prints of detailed drawings, and much testimony was introduced concerning these drawings, wherein the witnesses would indicate thereon to the court the object of their testimony, without the record showing about what they were testifying, or even the exhibit to which reference was being made. The result is that it is impossible to understand some of this testimony as it appears here in the abstract and additional abstract of the record, and testimony that seems important in the

determination of the question before us. No good purpose can be subserved by an analysis of the evidence on the controverted questions of fact, which on the record are very difficult of solution and concerning which we are by no means free from doubt. After a careful consideration of the case, we do not feel that we should hold that the judgment was clearly and manifestly against the weight of the evidence, and must therefore affirm the judgment.

*Affirmed.*